UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN AND SHIRLEY SCHNYDER** | **CIVIL ACTION** |
| versus | **NO: 08-3488** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION: S (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by plaintiffs Calvin and Shirley Schnyder (Doc. #23) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by defendant Allstate Insurance Company (Doc. #25) is **GRANTED,** and plaintiffs' complaints are **DISMISSED**.[1]

## BACKGROUND

This motion concerns whether plaintiffs' increase in flood insurance coverage is subject to 44 C.F.R. § 61.11(c), which requires a thirty (30) day waiting period between the application date

---

[1] Defendants have also filed a Motion to Strike (Doc. #28). However, the motion is rendered moot by this ruling.

and presentment of payment[2] and the effective date of the increased coverage, or the exception to the waiting period requirement for initial purchases of flood insurance coverage contained in 44 C.F.R. § 61.11(b).

Plaintiffs owned a home in New Orleans, Louisiana. When they purchased the home, plaintiffs also purchased flood insurance coverage from Allstate, a Write-Your-Own ("WYO") carrier participating in the United States Government's National Flood Insurance Program ("NFIP"). The policy provided coverage for the structure of $115,000, and for contents of $40,000 .

In August 2005, plaintiffs refinanced their home. As a condition of the refinance agreement, plaintiffs' lender, Wells Fargo, required plaintiffs to increase their flood coverage. On August 11, 2005, Christine Plemer ("Plemer"), an authorized Allstate agent, issued a certificate of Proof of Endorsement for Flood Insurance with the effective date of August 11, 2005, that purportedly increased plaintiffs' coverage to $250,000 for structure, and $100,000 for contents. Plaintiffs' flood insurance premiums were also increased.

On August 29, 2005, plaintiffs' home was damaged by flood waters that resulted from Hurricane Katrina. Plaintiffs submitted a timely proof of loss to Allstate. Allstate paid plaintiffs their full policy limits of $115,000 for the structure and $40,000 for contents.

Plaintiffs filed suit alleging that Allstate should have paid them the policy limits reflected in the August 11, 2005, insurance binder, and that Allstate is liable for breach of contract and bad faith pursuant to Louisiana Revised Statutes §§ 22:658 and 22:1220.[3]

---

[2] Because of this ruling, the court will not determine whether plaintiffs' made a presentment of payment pursuant to the Standard Flood Insurance Policy.

[3] On January 1, 2009, Louisiana Revised Statutes §§ 22:658 and 22:1220 were renumbered sections 22:1892 and 22:1913, respectively. Because plaintiffs' allegations and the majority of the case law interpreting the statutes reference the former statute numbers, for ease of reference, the court will use the

## ANALYSIS

**1.    Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**2.    The Parties' Motions for Summary Judgment**

    **A.    Increased Insurance Coverage**

Plaintiffs argue that they fall under the exception by 44 C.F.R. § 61.11(b) to the thirty (30) day waiting period before a new flood policy goes into effect provided.

---

former numbers herein.

The NFIP was established by the National Flood Insurance Act, 42 U.S.C. §§ 4001-4129 (2006), and is administered through the Federal Emergency Management Agency. Wright v. Allstate Ins. Co. (Wright I), 415 F.3d 384, 386 (5th Cir.2005). FEMA sets the terms and conditions of all federal flood insurance policies, and those polices must be issued in the form of a Standard Flood Insurance Policy ("SFIP"). 44 C.F.R. § 61.4(b); Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir.1998). SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator" and must be strictly construed and enforced. 44 C.F.R. § 61.13(d); Wright I, 415 F.3d at 387; Gowland, 143 F.3d at 953-954. See Also Forman v. FEMA, 138 F.3d 543, 545 (5th Cir.1998).

The effective dates and times of flood insurance coverage under the SFIP are set forth in 44 C.F.R. § 61.11. Plaintiffs rely on § 61.11(b) in asserting the increase in flood insurance coverage was effective. Section 61.11(b) provides:

> "Where the **initial purchase** of flood insurance is in connection with the making, increasing, extension or renewal of a loan, the coverage with respect to the property which is the subject of the loan shall be effective as of the time of the loan closing, provided the written request for coverage is received by the NFIP and the flood insurance policy is applied for and the presentment of payment of premium is made at or prior to the loan closing."

(emphasis added). Plaintiffs contend this section applies because Wells Fargo required them to increase their coverage as a condition of the refinancing. It is undisputed that plaintiffs sought an increase in their existing flood insurance coverage, and that this was not an "initial purchase" of a flood insurance policy through Allstate. The SFIP must be strictly construed. See Gowland at 954. Because plaintiffs sought an increase in coverage on an existing flood insurance policy, not the initial purchase of a flood insurance policy, § 61.11(b) is inapplicable.

4

Increases in coverage on existing flood insurance policies are addressed in 44 C.F.R. § 61.11(c). Section 61.11(c) provides:

> [e]xcept as provided by paragraphs (a) and (b) of this section, the effective date and time of any . . . added coverage or **increase in the amount of coverage** shall by 12:01 a.m. (local time) on the 30th calendar day after the application date and the presentment of payment of premium . . .

44 C.F.R. § 61.11(c) (emphasis added). Therefore, increases in the amount of insurance coverage are not effective until thirty days from the time that the insurer has received both application and the payment of the premium for the increased coverage.

Plaintiffs presumably applied for the increased insurance coverage on August 11, 2005, when Plemer issued the binder.[4] Plaintiffs claim that they presented payment for the increased insurance premiums on August 24, 2005. The loss occurred on August 29, 2005. Because the thirty-day waiting period described in § 61.11(c) had not expired, plaintiff's increased insurance coverage was not in effect at the time of the loss.[5]

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Plaintiffs Calvin and Shirley Schneyder (Doc. #23) is **DENIED**.

---

[4] Plaintiffs cannot rely on the August 11, 2005, binder as evidence of their increased flood insurance coverage. Pursuant to 44 C.F.R. § 61.13(e): "no oral binder or contract shall be effective. No written binder shall be effective unless issued with express authorization of the Federal Insurance Administrator." It is undisputed that the Federal Insurance Administrator did not expressly authorize the August 11, 2005, binder, or waive the thirty day waiting period for increases in flood insurance coverage to become effective. Therefore, pursuant to 44 C.F.R. § 61.11(c), plaintiff's increased flood insurance coverage could not be effective until the expiration of the thirty day waiting period that would commence when the insurer received both the application and the presentment of the premium.

[5] Because the court finds that plaintiffs' increased flood insurance coverage was not effective at the time of the loss, plaintiffs' do not have a claim for bad faith under La. Rev. Stat. §§ 22:658 and 22:1220, or interest.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by Defendant Allstate Insurance Company (Doc. # 25) is **GRANTED**, and plaintiffs' complaints are dismissed.

New Orleans, Louisiana, this   28th day of May, 2010.

                                    _____
                                        **MARY ANN VIAL LEMMON
                                         UNITED STATES DISTRICT JUDGE**